**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LEYLA AMIRIAN, M.A., | § | |
| *Petitioners* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01816-XR |
| | § | |
| WARDEN JOSE RODRIGUEZ et al. | § | |
| *Respondents* | § | |

<u>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**</u>
<u>**AND MOOTING MOTION FOR PRELIMINARY INJUNCTION**</u>

On this date, the Court considered Lelya Amirian and M.A.'s Petition for a Writ of Habeas Corpus (ECF No. 1) and Motion for a Preliminary Injunction (ECF No. 2) and the Federal Respondents' response (ECF No. 8). After careful consideration, the petition is **GRANTED** and the motion for a preliminary injunction is **MOOT**. It is **ORDERED** that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioners Lelya Amirian (A245 533 695) and M.A. from custody <u>together</u>, under conditions no more restrictive than those in place before the detention at issue here, to a public place by **12:00 p.m.** on **January 8, 2026.**

2.      Respondents must **NOTIFY** Petitioners' counsel by email[1] of the exact location and time of Petitioners' release as soon as practicable and **at least two hours before their release;**

3.      If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that they be afforded a bond hearing; and

4.      Respondents shall **FILE** a status report **no later than 5:00 p.m.** on **January 8, 2026**, confirming that Petitioners have been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

---

[1] Kristy Lynn Blumeyer-Martinez, kristy.blumeyermartinez@raicestexas.org, 210-469-4218.

## BACKGROUND

Petitioners Leyla Amirian and her 11-year-old son, M.A., are citizens of Afghanistan. They have lived in the United States since November 2023, when they entered the country without inspection, along with Mrs. Amirian's husband and daughter (M.A.'s father and sister). ECF No. 1 ¶¶ 4, 22. The family came to the United States to seek asylum on the basis of ethnicity, religion, and imputed political opinion.[2] *Id.* ¶ 22. They were processed and released on recognizance by the Department of Homeland Security ("DHS") under 8 U.S.C. § 1226. *Id.* ¶¶ 22–23; *see* ECF No. 1-2 at 2 (Notice to Appear); *id.* at 3–6 (ORECs). On October 14, 2025, an immigration judge denied Mr. Amirian's application for relief. ECF No. 1 ¶ 27. The family promptly filed an appeal with the Board of Immigration Appeals. *Id.* Because that appeal remains pending, Petitioners are not subject to a final removal order. *Id.*

On or about October 15, 2025, Immigration and Customs Enforcement ("ICE") requested that the Amirians appear at a check-in as part of their conditional release. *Id.* ¶ 28. At that check-in, ICE detained the entire family. *Id.* ICE also separated the family. *Id.* Mrs. Amirian and M.A. were sent to the Dilley Immigration Processing Center, while Mr. Amirian and the Amirians' teenage daughter were sent to two different immigration detention centers in California. *Id.* Petitioners assert that their continuing detention without bond violates the INA and their constitutional due process rights. *Id.* ¶¶ 57–72.

---

[2] The family are all members of the Tajik minority ethnic group and the Shia sect of Islam. ECF No. 1 ¶ 25. Both groups are persecuted minorities in Afghanistan. *Id.* Moreover, because the Taliban believed that Mr. Amirian had aided the American government, they shot at his car—hitting a passenger twice—issued multiple warrants for his arrest, and interrogated others in an attempt to find him. *Id.* ¶ 26. Since the family fled Afghanistan, the Taliban has continued to pursue Mr. Amirian and his family with threats of violence. *Id.*

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [their] burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

The parties dispute both whether the Court has jurisdiction to order the relief Petitioners have requested and whether Petitioners are entitled to that relief. The Court considers its jurisdiction over this case before turning to the merits.

## I.       This Court Has Jurisdiction

As a general matter, the Court has jurisdiction over Petitioners' habeas petition pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue that 8 U.S.C. §§ 1252(g) and (b)(9) divest the Court of jurisdiction here. The Court disagrees.

### A.       Section 1252(g) Does Not Preclude Jurisdiction

Respondents assert that the Court lacks jurisdiction under Section 1252(g), which provides:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

> *commence* proceedings, *adjudicate* cases, or *execute* removal orders against
> any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). But Section 1252(g) "applies only to three discrete actions

that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate*

cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471,

482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from

reviewing an alien detention order, because such an order, while intimately related to efforts to

deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection

1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct.

2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioners are not challenging removal proceedings but seek release—in habeas corpus—

because Respondents have unlawfully detained them. "Such claims are not barred by § 1252(g)."

*Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22,

2025).

### B.    Section 1252(b)(9)

Respondents next argue that 8 U.S.C. § 1252(b)(9) precludes jurisdiction.[3]

Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and
> application of constitutional and statutory provisions, arising from any
> action taken or proceeding brought to remove an alien from the United
> States under this subchapter shall be available only in judicial review of a

---

[3] Respondents also cite 8 U.S.C. § 1225(b)(4) for this argument. That section provides,

> The decision of the examining immigration officer, if favorable to the admission of any
> alien, shall be subject to challenge by any other immigration officer and such challenge
> shall operate to take the alien whose privilege to be admitted is so challenged, before an
> immigration judge for a proceeding under section 1229a of this title.

Respondents do not identify any decision "favorable to the admission of any alien" or allege that any "challenge" to
such a decision has "operate[d] to take [Petitioner] before an immigration judge." 8 U.S.C. § 1225(b)(4). The relevance
of this provision is not apparent.

final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) deprives this Court of jurisdiction over the petition fails for at least two reasons. First, Petitioners' claim—that Respondents lack "legal authority to subject them to mandatory detention under § 1225 instead of detention with a bond hearing under § 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Petitioners cannot "efficaciously" raise their claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core

of this dispute is whether Petitioners can be detained with no bond hearing—that is, with no administrative opportunity to contest their detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Petitioners' detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *Matter of Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Petitioner's claims.

## II.    Petitioner's Detention Is an Unlawful Application of 8 U.S.C. § 1225(b)(1)

Moving to the merits, Petitioners claim that Respondents lack statutory authority under the INA to detain them without a bond hearing and are depriving them of due process by doing so. The Court agrees with Petitioners' statutory arguments and need not reach their constitutional claims.

### A.    Legal Framework for Immigration-Related Detention

The INA prescribes three basic forms of detention for noncitizens in removal proceedings.

First, the INA provides for mandatory detention of noncitizens subject to *expedited removal* under 8 U.S.C. § 1225(b)(1) and other recent arrivals seeking admission under 8 U.S.C. § 1225(b)(2). As the Supreme Court has explained, Section 1225 "applies primarily to [noncitizens] seeking entry into the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Noncitizens detained under this provision may be released only through DHS's exercise of its parole authority under 8 U.S.C. § 1182(d)(5)(A). *Id.* at 300.

6

Second, the INA authorizes the discretionary detention of noncitizens in standard, non-expedited (i.e., "full") removal proceedings before an immigration judge under 8 U.S.C. § 1226. *See* 8 U.S.C. § 1229a; § 1226(a) ("[A]n alien *may* be arrested and detained. . . .") (emphasis added).[4] Noncitizens in detention under Section 1226(a) are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Last, the INA also provides for detention of noncitizens who have been previously ordered removed, including individuals in withholding-only proceedings, *see* 8 U.S.C. § 1231(a)–(b). This provision is not at issue in the instant matter.

For nearly three decades, Respondents consistently considered noncitizens present in the United States without having been admitted or paroled as detained under 8 U.S.C. § 1226(a), thus entitling them to bond hearings. *See, e.g.*, Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination"). Consistent with this longstanding understanding, the Supreme Court recently confirmed that "§ 1226 applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id*. at 297, 303.[5]

---

[4] Noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention. *See* 8 U.S.C. § 1226(c).

[5] Even if this language in *Jennings* is dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)).

Earlier this year, Respondents adopted a novel theory that noncitizens who are present in the United States without admission or parole are ineligible for bond hearings. In July 2025, Todd Lyons, Acting Director of ICE, issued an internal memorandum (the "Lyons Memorandum") explaining that the agency had "revisited its legal position" and "determined that [Section 1225] of the [INA], rather than [Section 1226], is the applicable immigration detention authority for all applicants for admission."[6] Ultimately, the Board of Immigration Appeals ("BIA") adopted this position in a precedential decision, *Matter of Hurtado*, 29 I. & N. Dec. at 220, holding that all noncitizens who entered the country without inspection—no matter how long they have been present in the country—are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2).

Numerous courts, including this one, have rejected the argument that Section 1225(b)(2) applies to all aliens who, like Petitioners, are already in the country but entered without inspection. *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

---

[6] "The existence of the memorandum was first reported by the Washington Post on July 14, 2025. Maria Sacchetti & Carol D. Leonnig, *ICE declares millions of undocumented immigrants ineligible for bond hearings*, Washington Post (July 14, 2025), https://www.washingtonpost.com/immigration/2025/07/14/ice-trump-undocumented-immigrants-bond-hearings/ [https://perma.cc/LN4F-FJDG]. The memorandum itself was subsequently leaked by legal advocacy groups. *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, American Immigration Lawyers Association, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited July 24, 2025) [https://perma.cc/4Q6X-GAZC][.]" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 n.10 (D. Mass. 2025).

But the Court need not address the reasoning in those cases here because Respondents now *concede* that Petitioners are not detained under 8 U.S.C. § 1225(b)(2). ECF No. 8 at 2. Instead, Respondents offer an entirely new statutory hook for their re-detention, one never addressed in the Lyons Memorandum or *Matter of Hurtado*: Section 1225(b)(1)(A)(iii)(II).

### B.    Section 1225(b)(1) Does Not Apply to Petitioner's Detention

Section 1225(b)(1) requires the detention of two categories of aliens subject to expedited removal: (a) "arriving" aliens and (b) aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to" being determined inadmissible under either 8 U.S.C. § 1182(a)(6)(C) or 8 U.S.C. § 1182(a)(7). *See* 8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation); *id.* § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants).

Respondents insist Petitioners are detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II) because, over two years ago, they were detained shortly after entering the country. ECF No. 8 at 2–3. Not only is Respondents' position inconsistent with the one they took in 2023, it conflicts with the plain language of § 1225(b)(1).

Petitioners have never been designated as "arriving" aliens, as evidenced by their 2023 NTA. ECF No. 1-2 at 2. Thus, to contend that their present detention is authorized under 8 U.S.C. § 1225(b)(1), Respondents must show that Petitioners were determined to be inadmissible under either 8 U.S.C. § 1182(a)(6)(C) or § 1182(a)(7) within two years of their entry into the United States.

Petitioners have not been determined to be inadmissible under either provision at any point in over two years since they were released on their own recognizance. Indeed, Petitioners were originally charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) shortly after their entry. *See* ECF No. 1-2 at 2. Mere "unlawful presence" under Section 1182(a)(6)(A)(i) cannot, as a

textual matter, serve as the grounds for an inadmissibility determination under Section 1225(b)(1). *Cf. Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025) (rejecting the argument that someone's initial contact with immigration officials was a "determination of inadmissibility" under Section 1225(b)(1) because "the Order of Release on Recognizance specifically state[d] that Petitioner was released pursuant to [S]ection 1226").

Moreover, Section 1225(b)(1) requires detention for certain aliens undergoing *expedited* removal proceedings. 8 U.S.C. §§ 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). But Respondents admit that Petitioners are currently in "full" removal proceedings. ECF No. 8 at 3, 8. Respondents have conceded in other cases that an alien cannot simultaneously be in both full and expedited removal proceedings. *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). In short, even if Section 1225(b)(1) could—as a general matter—apply to Petitioners, they are not currently subject to expedited removal proceedings and thus are not subject to Section 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioners in connection with expedited removal proceedings that do not exist.

For these reasons, Respondents may not detain Petitioners under Section 1225(b)(1). Because the Court concludes Section 1225(b)(1) is inapplicable, Petitioners' present detention necessarily falls under 8 U.S.C. § 1226, which entitles them to a bond hearing. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) ("[T]he Court concludes that § 1225(b)(2) is not applicable to Mr. D.S., he is subject to the discretionary detention regime under § 1226(a), and his continued detention with a bond hearing is contrary to the laws of the United States. If Respondents seek to continue detaining Mr. D.S., they must provide him with a bond hearing.").

### III.    Appropriate Relief

Because Petitioners cannot be detained under Section 1225(b)(1), the remaining option is Section 1226. As Respondents do not claim that Petitioners are being detained under Section 1226, however, "the Court sees no reason to consider" Section 1226 as a basis for Petitioners' current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Their detention is unlawful, and habeas relief is proper.

Petitioners request attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED,** and their Motion for a Preliminary Injunction (ECF No. 2) is **MOOT**. It is **ORDERED** that:

1.    Respondents are **DIRECTED** to **RELEASE** Petitioners Lelya Amirian (A245 533 695) and M.A. from custody <u>together</u>, under conditions no more restrictive than those in place before the detention at issue here, to a public place by **12:00 p.m.** on **January 8, 2026.**

2.    Respondents must **NOTIFY** Petitioners' counsel by email[7] of the exact location and time of Petitioners' release as soon as practicable and **at least two hours before their release;**

3.    If Petitioners are re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that they be afforded a bond hearing; and

4.    Respondents shall **FILE** a status report **no later than 5:00 p.m.** on **January 8, 2026,** confirming that Petitioners have been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

---

[7] Kristy Lynn Blumeyer-Martinez, kristy.blumeyermartinez@raicestexas.org, 210-469-4218.

5.    Petitioners' Motion for a Preliminary Injunction (ECF No. 2) is **DENIED AS MOOT.**

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 5th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE